**FILED**

JUL 1 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## IN UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CHERYL MONTGOMERY          )
2116 South Pollard Street          )
Arlington, Virginia 22204          )
                                   )
   -and-                         )
                                   )
GREGORY BIGELOW            )
3800 Powell Lane                   )
Falls Church, Virginia 22041       )
                                   )
   Plaintiffs,                   )
                                   )
   v.                            )
                                   )
STG INTERNATIONAL, INC.    )
4900 Seminary Road                 )
Suite 1100                         )
Alexandria, Virginia  22311        )
                                   )
Serve:  Jeff Bell                  )
       1495 Newton Street, N.W.      )
       # 301                         )
       Washington, D.C. 20010        )
                                   )
   Defendant.                    )

Case: 1:07-cv-01240
Assigned To : Roberts, Richard W.
Assign. Date : 7/10/2007
Description: Employ. Discrim.

### COMPLAINT FOR DISCRIMINATION

COME NOW Plaintiffs Cheryl Montgomery and Gregory Bigelow, by and through

undersigned counsel, and states as follows:

1.    Plaintiffs bring this action pursuant to 42 U.S.C. §1981 of the United States Civil

Rights Act, the District of Columbia Human Rights Act, and the common law of the District of

Columbia for discrimination on the basis of race, unlawful retaliation in employment and wrongful

termination.

## JURISDICTION AND VENUE

2.    Jurisdiction of this court is founded pursuant to 42 U.S.C. § 1981, and upon 28 U.S.C. §§1331, 1337, 1343 and 1346. Plaintiff also invokes this Court's pendent jurisdiction to adjudicate state law claims.

3.    Venue lies in this Court, pursuant to 28 U.S.C. §§1391 and 1402, since the employment practices alleged to be unlawful were committed by defendant and its agents within the District of Columbia and the United States District Court for the District of Columbia maintains jurisdiction because defendant STG International does business within the jurisdiction of this Court.

## PARTIES

4.    Plaintiff, Cheryl Montgomery ("Montgomery"), is an adult African-American female, a citizen of the United States and a bona fide resident of the state of Virginia. At all times alleged in this Complaint, Montgomery was over 40 years old.

5.    Plaintiff, Gregory Bigelow ("Bigelow"), is an adult African-American male, a citizen of the United States and a bona fide resident of the state of Virginia. At all times alleged in this Complaint, Bigelow was over 40 years old.

6.    Defendant, STG International, Inc. ("STG") is a private corporation with over 1000 employees, incorporated in the state of Virginia and doing business in the District of Columbia. STG provides medical, human resource, management consulting, and information services to the federal government. At the time of the events described herein, STG maintained a contract to perform medical staffing services for the United States Department of Health and Human Services, ("DHS") in Washington, D.C.

2

## FACTS COMMON TO ALL COUNTS

7.      From May 2003 to January 2007, Montgomery was employed as the Program Manager for STG's federal contract with the Division of Immigration Health Service ("DIHS") of DHS in Washington, D.C.  While employed for STG, Montgomery was assigned to manage the recruitment and training of personnel on the contract with DIHS.  By all accounts, Montgomery maintained a positive working relationship while implementing the medical staffing contract for STG and, though Montgomery had never received a written performance evaluation during her tenure at STG, she enjoyed consistently positive performance feedback by her prior supervisors and federal client, including the Director of DIHS, and received substantial pay raises.  Indeed, during her tenure, 95% of new hires procured by STG exceeded contract requirements and the staffing rate of 92% was 5% higher than the DIHS desired rate.  Prior to October 2006, Montgomery had never been advised by any supervisor that her work did not meet the company's expectations.

8.      Bigelow began working for STG as an independent consultant in July 2003.  In March 2004, Bigelow accepted a position as Assistant Controller.  As one of two assistant controllers at STG, Bigelow was assigned all accounting functions, except payroll, for STG's contract with DIHS in Washington, D.C.

9.      During their employment tenure, Montgomery and Bigelow noticed an atmosphere that was becoming increasingly hostile to African-American employees.

10.     In April 2004, the Chief Executive Officer of STG, Michelle Lee ("Lee"), an Asian woman, called Bigelow into her office.  Lee's office had a large window overlooking the accounting staff, and Lee asked Bigelow to look out of the window and describe what he saw.  Bigelow responded that he saw the accounting staff.  Lee retorted, "They are all Black."  Lee then asked

3

Bigelow, "How can I have a white male manager over all of those black employees." Bigelow, who is light-skinned, replied to an incredulous Lee that *he* was African-American. Later in the afternoon, a division director, a white male, entered Bigelow's office and said, "I heard you were Black." The division director leaned over Bigelow's desk, looked into his face and said, "I can see it now." Bigelow subsequently learned that Lee discussed Bigelow's race with a manager in Human Resources.

11.    In June 2004, Montgomery expressed interest in the position of Director of Operations of Human Resources after a white male vacated the position. Despite the fact that Montgomery was qualified for the position, Lee discouraged Montgomery from formally applying, telling Montgomery that STG had no plans to fill the vacancy. Soon after, however, a white female in her thirties was hired as the Director of Operations.

12.    In March 2005, Lee hired, without Bigelow's input as the division head, two Asian individuals to work in the billing department. One of the Asian hires was a young male student. Lee instructed Bigelow to train the Asian student on government contract accounting and STG's accounting system. After the student graduated, and over time, Bigelow's job responsibilities were reassigned to the young Asian employee.

13.    In October 2005, the other assistant controller, an Asian female, was promoted Controller of STG over Bigelow. At the time Bigelow had twenty years of experience in government contracting. By contrast, the Asian female had no experience in government contracting and had less sonority with the company at the time of her promotion.

14.    In April 2006, a white female resigned as Director of Library Services. Montgomery asked for and was given the responsibilities of the Director. The position, however, was then

4

downgraded to "Program Manager."

15.     At around the same time, the division director of human resources, a white female, came into Bigelow's office. The director pointed to Leslie Hughes, Bigelow's supervisor and a black male, and stated, "I have finally figured out a name for you, 'Lezzizle.'" The director then referred to Joe Speight, a black male contract administrator, as "Jozizzle." Both "nicknames" are references popularized by "gangster" rapper, Snoop Dog. The division director did not refer to non African-American employees with similar monikers. Since neither of the above black male employees were "gangster" or "rappers," Bigelow found these references to professional colleagues in the workplace demeaning and offensive. Hughes later instructed the division director to refer to him by his given name.

16.     In July 2006, Bigelow was interviewing a young white male for one open position as a billing accountant. The young applicant had no applicable work experience having last worked as a groundskeeper at Wolf Trap Performing Arts Center. At one point, Bigelow observed Lee walk by and look into the interview office. Soon thereafter, the Controller told Bigelow that Lee wanted the young man hired, "because she liked the way he looked." Bigelow responded that he would hire the inexperienced white male candidate only on the condition that he could also hire the black female candidate with seven years of experience in government contracting. Lee relented to Bigelow's demand, and both candidates were hired.

17.     About five months after his hire, that same young white male candidate was offered the position of Junior Business Analyst. The experienced young black female was not advised of the opening. Montgomery and Bigelow began to further notice that other new white male hires had little to no experience in the jobs for which they were hired compared with African-American candidates.

18.     On or about December 11, 2006, Lee requested that "Blacks" refrain from going to lunch together, "because it doesn't look right."

19.     In October 2006, STG hired Ann Kenny, a white woman, who became Montgomery's immediate supervisor. From the beginning of her tenure as Montgomery's supervisor, Kenny treated Montgomery differently, to her detriment, than Montgomery's fellow project manager, a white male in his twenties.  First, Kenny, without explanation, took away Montgomery's duties related to program review. Montgomery had been performing those duties since she was hired. Kenny further discouraged Montgomery from attending continuing education and training courses to further her professional development.   In December 2006, Kenny degraded Montgomery's professional reputation by falsely telling Montgomery's federal client that she was "incompetent" and that she refused to cooperate with her co-workers. Kenny also falsely reported the quality of Montgomery's work performance on various projects.

20.     Meanwhile, Montgomery and Bigelow became concerned about improper and well-documented business and financial practices by STG relating to its contract with DIHS. Montgomery and Bigelow understood that those practices, if true, potentially exposed STG to liability under federal and state law.  Both Montgomery and Bigelow presented their concerns to STG management in the fall and early winter of 2006.

21.     On or about December 29, 2006, Montgomery filed a complaint with the United States Equal Employment Opportunity Commission and the District of Columbia Office of Human Rights alleging race and age discrimination in employment.

22.     Following the filing of her initial EEO complaint, Kenny's harassment and discrimination of Montgomery began to escalate. On or about January 5, 2007, Kenny attempted to

orchestrate Montgomery's dismissal by encouraging the government client to request Montgomery's removal as Program Manager on the DIHS contract. The government client refused.

23.    On or about January 12, 2007, Montgomery was admonished by the manager of STG's Human Resource department for the quality of work product on an assignment completed by her. Montgomery had completed the identical task in an identical manner in early December without any negative comments.

24.    On January 29, 2007, Montgomery filed an amended complaint to the EEOC alleging unlawful retaliation as a result of her December 29th EEO complaint.

25.    Between the filing of her amended complaint until March 5, 2007, Montgomery was subjected to an increasing amount of negative an unjustified criticism regarding her job performance. In about mid-February, Montgomery' supervisors informed her that she was going to be placed on a Performance Improvement Plan ("PIP") to remedy previously unspecified performance deficiencies. On or about February 26, 2007, Montgomery met with Kenny, Director of Medical Services, Cyndi Fischer, and Ellen Duncan, Vice President of Human Resources. Instead of receiving a PIP, Kenny, Fischer and Duncan attacked Montgomery with hostile yet vague complaints about Montgomery's job performance. Nevertheless, and despite the purported concerns with her job performance, Montgomery never received any written warnings, admonishments, or PIPs outlining these concerns and proposed remedies. On the contrary, STG's efforts had the sole purpose of creating an eleventh hour "paper trail" to document and support an eventual termination.

26.    On March 2, 2007, a position for a Medical Program Manager, Government Staffing was posted on STG and the Washington Posts' website. On March 5, 2007, Montgomery, without cause or justification, was terminated from her employment.

27.     On or about March 7, 2007, Montgomery filed an amended EEO complaint alleging unlawful retaliation and discriminatory termination.

28.     Meanwhile, on the morning of January 17, 2007, Bigelow was met at the front door of at STG by Human Resources Manager Marcia Euwema, and asked by her to go to her office. There, without warning, Euwema and Controller, Judy Krocker, told Bigelow that January 17, 2007, was his last day because of purported "attendance issues." Bigelow disputed any attendance problems and had never been the subject of any progressive discipline relating to his attendance.

29.     On or about February 12, 2007, Bigelow filed a complaint with the Equal Employment Opportunity Commission and the D.C Human Rights commission alleging race discrimination.

### FIRST CAUSE OF ACTION
#### (As to Plaintiff Montgomery)
#### Violation of 42 U.S.C. §1981 – Race Discrimination

30.     Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "29" as if originally pleaded herein.

31.     Defendant, through its agents or supervisors, unlawfully discriminated against Montgomery in her employment because of her race without cause of justification in violation of 42 U.S.C. §1981, as amended.

32.     As a direct and proximate result of the illegal employment discrimination by Defendant, Montgomery has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Montgomery has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

33.     Montgomery is informed and believes that the outrageous conduct of Defendant

8

described above was done with malice and with conscious disregard for her federally protected rights. Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

(a)    To award her, under 42 U.S.C. §1981, all the back pay and fringe benefits she has lost as a result of defendant's unlawful discrimination against her;

(b)    To award her, under 42 U.S.C. §1981, compensatory damages in an amount to be determined at trial;

(c)    To award her, under 42 U.S.C. §1981, punitive damages in the amount of five million dollars ($5,000,000.00);

(d)    To award her reasonable attorney's fees and costs of this action; and

(e)    To award her such other and further relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### (As to Plaintiff Montgomery)
### Violation of 42 U.S.C. §1981 – Hostile Work Environment

34.    Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "33" as if originally pleaded herein.

35.    Defendant, through its agents or supervisors, unlawfully discriminated against Montgomery in her employment when it created and allowed the continuation of a racially hostile and abusive and abusive environment, in violation of 42 U.S.C. §1981, as amended.

36.    As a direct and proximate result of the illegal hostile and abusive environment fostered by Defendant, Montgomery has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Montgomery has suffered and will continue to

suffer a loss of earnings and other employment benefits and job opportunities.

37.    Montgomery is informed and believes that the outrageous conduct of Defendant described above was done with malice and with conscious disregard for her federally protected rights. Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

(a)    To award her, under 42 U.S.C. §1981, all the back pay and fringe benefits she has lost as a result of defendant's unlawful discrimination against her;

(b)    To award her, under 42 U.S.C. §1981, compensatory damages in an amount to be determined at trial;

(c)    To award her, under 42 U.S.C. §1981, punitive damages in the amount of five million dollars ($5,000,000.00);

(d)    To award her reasonable attorney's fees and costs of this action; and

(e)    To award her such other and further relief as this Court deems just and proper.

### THIRD CAUSE OF ACTION
**(As to Plaintiff Montgomery)**
**Violation of 42 U.S.C. §1981 – Unlawful Termination**

38.    Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "37" as if originally pleaded herein.

39.    Defendant, through its agents or supervisors, unlawfully discriminated against Montgomery in her employment because of her race, when, without cause of justification, it terminated her employment, in violation of 42 U.S.C. §1981, as amended.

40.    As a direct and proximate result of the illegal employment discrimination by

Defendant, Montgomery has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Montgomery has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

41.    Montgomery is informed and believes that the outrageous conduct of Defendant described above was done with malice and with conscious disregard for her federally protected rights. Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

(a)    To award her, under 42 U.S.C. §1981, all the back pay and fringe benefits she has lost as a result of defendant's unlawful discrimination against her;

(b)    To award her, under 42 U.S.C. §1981, compensatory damages in an amount to be determined at trial;

(c)    To award her, under 42 U.S.C. §1981, punitive damages in the amount of five million dollars ($5,000,000.00);

(d)    To award her reasonable attorney's fees and costs of this action; and

(e)    To award her such other and further relief as this Court deems just and proper.

### FOURTH CAUSE OF ACTION
### (As to Plaintiff Montgomery)
### Violation of 42 U.S.C. Section 1981 – Retaliation

42.    Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "41" as if originally pleaded herein.

43.    Defendant, through its agents or supervisors, unlawfully discriminated against Montgomery in her employment because of her race, when it grossly diminished the duties, terms

11

and conditions of her employment and finally terminated her employment, without cause of justification, in violation of 42 U.S.C. § 1981 of the Civil Rights Act of 1964, as amended.

44.    As a direct and proximate result of the illegal employment discrimination by Defendant, Montgomery has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Montgomery has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

45.    Montgomery is informed and believes that the outrageous conduct of Defendant described above was done with malice and with conscious disregard for her federally protected rights. Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

(a)    To award her, under 42 U.S.C. § 1981, all the back and front pay and fringe benefits she has lost as a result of defendant's unlawful discrimination against her;

(b)    To award her, under 42 U.S.C. § 1981, compensatory damages in an amount to be determined at trial;

(c)    To award her, under 42 U.S.C. § 1981, punitive damages in the amount of five million dollars ($5,000,000.00);

(d)    To award her reasonable attorney's fees and costs of this action; and

(e)    To award her such other and further relief as this Court deems just and proper.

### FIFTH CAUSE OF ACTION
### (As to Plaintiff Montgomery)
### Violation of the District of Columbia Human Rights Act – Hostile Work Environment

46.    Plaintiff herein adopts and incorporates by reference all the allegations set forth in

12

paragraphs "1" through "45" as if originally pleaded herein.

47.     Defendant, through its agents or supervisors, unlawfully discriminated against Montgomery in her employment when it created and allowed the continuation of a racially hostile and abusive and abusive environment, in violation of the District of Columbia Human Rights Act.

48.     As a direct and proximate result of the illegal hostile and abusive environment fostered by Defendant, Montgomery has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Montgomery has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

49.     Montgomery is informed and believes that the outrageous conduct of Defendant described above was done with malice and with conscious disregard for her federally protected rights. Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

(a)     To award her, under the District of Columbia Human Rights Act, all the back and front pay and fringe benefits she has lost as a result of defendant's unlawful discrimination against her;

(b)     To award her, under the District of Columbia Human Rights Act, compensatory damages in an amount to be determined at trial;

(c)     To award her, under the District of Columbia Human Rights Act, punitive damages in the amount of five million dollars ($5,000,000.00);

(d)     To award her reasonable attorney's fees and costs of this action; and

(e)     To award her such other and further relief as this Court deems just and proper.

13

## SIXTH CAUSE OF ACTION
### (As to Plaintiff Montgomery)
**Violation of the District of Columbia Human Rights Act - Race Discrimination**

50.     Plaintiff hereby adopts and incorporates by reference as if fully set forth herein, each and every allegation contained in Paragraphs "1" through "49" hereinabove set forth.

51.     By the actions set out above, defendant has denied plaintiff the rights and privileges secured by the District of Columbia Human Rights Act, because of her race and created or caused to be created an abusive work environment.

52.     As a direct and proximate result of the illegal employment action by Defendant, Montgomery has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress.  Montgomery has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

53.     Montgomery is informed and believes that the outrageous conduct of Defendant described above was done with malice and with conscious disregard for her federally protected rights.  Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

(a)     To award her, under the District of Columbia Human Rights Act, all the back and front pay and fringe benefits she has lost as a result of defendant's unlawful discrimination against her;

(b)     To award her, under the District of Columbia Human Rights Act, compensatory damages in an amount to be determined at trial;

(c)     To award her, the District of Columbia Human Rights Act, punitive damages in the

14

amount of five million dollars ($5,000,000.00);

(d)     To award her reasonable attorney's fees and costs of this action; and

(e)     To award her such other and further relief as this Court deems just and proper.

### SEVENTH CAUSE OF ACTION
**(As to Plaintiff Montgomery)**
**Violation of the District of Columbia Human Rights Act - Age Discrimination**

54.     Plaintiff hereby adopts and incorporates by reference as if fully set forth herein, each and every allegation contained in Paragraphs "1" through "53" hereinabove set forth.

55.     By the actions set out above, defendant has denied plaintiff the rights and privileges secured by the District of Columbia Human Rights Act, because of her age and created or caused to be created an abusive work environment.

56.     As a direct and proximate result of the illegal employment action by Defendant, Montgomery has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress.  Montgomery has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

57.     Montgomery is informed and believes that the outrageous conduct of Defendant described above was done with malice and with conscious disregard for her federally protected rights. Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

(a)     To award her, under the District of Columbia Human Rights Act, all the back and front pay and fringe benefits she has lost as a result of defendant's unlawful discrimination against her;

15

(b)     To award her, under the District of Columbia Human Rights Act, compensatory damages in an amount to be determined at trial;

(c)     To award her, the District of Columbia Human Rights Act, punitive damages in the amount of five million dollars ($5,000,000.00);

(d)     To award her reasonable attorney's fees and costs of this action; and

(e)     To award her such other and further relief as this Court deems just and proper.

### EIGHTH CAUSE OF ACTION
**(As to Plaintiff Montgomery)**
**Violation of the District of Columbia Human Rights Act - Retaliation**

58.     Plaintiff hereby adopts and incorporates by reference as if fully set forth herein, each and every allegation contained in Paragraphs "1" through "57" hereinabove set forth.

59.     Defendant, through its agents or supervisors, engaged in a pattern and practice of race discrimination by subjecting Plaintiff to unlawful termination and racially abusive and hostile environment, in violation of the District of Columbia Human Rights Act as a result of her filing a complaint with the Equal Employment Opportunity Commission.

60.     As a direct and proximate result of Defendant's willful, knowing and intentional discrimination against her, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress.

61.     Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Defendant described above was done with a conscious disregard for her rights and with the intent and purpose of injuring her.  Plaintiff is further informed and believes that Defendant, through its officer, managing agents and/or supervisors, authorized, condoned and/or ratified the unlawful conduct.

16

WHEREFORE plaintiff respectfully prays this Court:

(a)    To award her, under the District of Columbia Human Rights Act, all the back pay and fringe benefits she has lost as a result of defendant's unlawful conduct against her;

(b)    To award her, under the District of Columbia Human Rights Act, compensatory damages in an amount to be determined at trial;

(c)    To award her, under the District of Columbia Human Rights Act, punitive damages in the amount of five million dollars ($5,000,000.00);

(d)    To award her reasonable attorney's fees and costs of this action; and

(e)    To award her such other and further relief as this Court deems just and proper.

## NINTH CAUSE OF ACTION
### (As to Plaintiff Montgomery)
**Wrongful Termination in Violation of Public Policy**

62.    Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "61" as if originally pleaded herein.

63.    Defendant, through its agents or supervisors, unlawfully terminated Montgomery's employment solely as a consequence of and in retaliation for reporting financial wrong doings by defendant's agents.

64.    It is the public policy of the District of Columbia that individuals shall not be subject to retaliation in their employment based upon the fact that they have reported financial wrongdoing in the work-place.

65.    As a direct and proximate result of defendant's termination of Montgomery in violation of public policy, Montgomery has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Montgomery has suffered and will

17

continue to suffer a loss of earnings and other employment benefits and job opportunities.

66.    Montgomery is informed and believes that the outrageous conduct of defendant described above was done with malice and with conscious disregard for her state protected rights. Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

(a)    To award her all the back and front pay and fringe benefits she has lost as a result of defendant's wrongful termination:

(b)    To award her compensatory damages in an amount to be determined at trial;

(c)    To award her punitive damages in the amount of five million dollars ($5,000,000.00);

(d)    To award her reasonable attorney's fees and costs of this action; and

(e)    To award her such other and further relief as this Court deems just and proper.

## TENTH CAUSE OF ACTION
### (As to Plaintiff Bigelow)
### Violation of 42 U.S.C. §1981 – Race Discrimination

67.    Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "66" as if originally pleaded herein.

68.    Defendant, through its agents or supervisors, unlawfully discriminated against Bigelow in his employment because of his race without cause of justification in violation of 42 U.S.C. §1981, as amended.

69.    As a direct and proximate result of the illegal employment discrimination by Defendant, Bigelow has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Bigelow has suffered and will continue to suffer a loss of

earnings and other employment benefits and job opportunities.

70.    Bigelow is informed and believes that the outrageous conduct of Defendant described above was done with malice and with conscious disregard for his federally protected rights. Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

(a)    To award him, under 42 U.S.C. §1981, all the back pay and fringe benefits he has lost as a result of defendant's unlawful discrimination against him;

(b)    To award him, under 42 U.S.C. §1981, compensatory damages in an amount to be determined at trial;

(c)    To award him, under 42 U.S.C. §1981, punitive damages in the amount of five million dollars ($5,000,000.00);

(d)    To award him reasonable attorney's fees and costs of this action; and

(e)    To award him such other and further relief as this Court deems just and proper.

## ELEVENTH CAUSE OF ACTION
### (As to Plaintiff Bigelow)
### Violation of 42 U.S.C. §1981 – Hostile Work Environment

71.    Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "70" as if originally pleaded herein.

72.    Defendant, through its agents or supervisors, unlawfully discriminated against Bigelow in his employment when it created and allowed the continuation of a racially hostile and abusive and abusive environment, in violation of 42 U.S.C. §1981, as amended.

73.    As a direct and proximate result of the illegal hostile and abusive environment

fostered by Defendant, Bigelow has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Bigelow has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

74.     Bigelow is informed and believes that the outrageous conduct of Defendant described above was done with malice and with conscious disregard for his federally protected rights. Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

(a)     To award him, under 42 U.S.C. §1981, all the back pay and fringe benefits he has lost as a result of defendant's unlawful discrimination against him;

(b)     To award him, under 42 U.S.C. §1981, compensatory damages in an amount to be determined at trial;

(c)     To award him, under 42 U.S.C. §1981, punitive damages in the amount of five million dollars ($5,000,000.00);

(d)     To award him reasonable attorney's fees and costs of this action; and

(e)     To award him such other and further relief as this Court deems just and proper.

### TWELTH CAUSE OF ACTION
#### (As to Plaintiff Bigelow)
#### Violation of 42 U.S.C. §1981 – Unlawful Termination

75.     Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "74" as if originally pleaded herein.

76.     Defendant, through its agents or supervisors, unlawfully discriminated against Bigelow in his employment because of his race, when, without cause of justification, it terminated

20

him employment, in violation of 42 U.S.C. §1981, as amended.

77.    As a direct and proximate result of the illegal employment discrimination by Defendant, Bigelow has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Bigelow has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

78.    Bigelow is informed and believes that the outrageous conduct of Defendant described above was done with malice and with conscious disregard for his federally protected rights. Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

(a)    To award him, under 42 U.S.C. §1981, all the back pay and fringe benefits he has lost as a result of defendant's unlawful discrimination against him;

(b)    To award him, under 42 U.S.C. §1981, compensatory damages in an amount to be determined at trial;

(c)    To award him, under 42 U.S.C. §1981, punitive damages in the amount of five million dollars ($5,000,000.00);

(d)    To award him reasonable attorney's fees and costs of this action; and

(e)    To award him such other and further relief as this Court deems just and proper.

### THIRTEENTH CAUSE OF ACTION
#### (As to Plaintiff Bigelow)
**Violation of the District of Columbia Human Rights Act – Hostile Work Environment**

79.    Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "78" as if originally pleaded herein.

80.     Defendant, through its agents or supervisors, unlawfully discriminated against Bigelow in his employment when it created and allowed the continuation of a racially hostile and abusive and abusive environment, in violation of the District of Columbia Human Rights Act.

81.     As a direct and proximate result of the illegal hostile and abusive environment fostered by Defendant, Bigelow has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Bigelow has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

82.     Bigelow is informed and believes that the outrageous conduct of Defendant described above was done with malice and with conscious disregard for his federally protected rights. Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

(a)     To award him, under the District of Columbia Human Rights Act, all the back and front pay and fringe benefits he has lost as a result of defendant's unlawful discrimination against him;

(b)     To award him, under the District of Columbia Human Rights Act, compensatory damages in an amount to be determined at trial;

(c)     To award him, under the District of Columbia Human Rights Act, punitive damages in the amount of five million dollars ($5,000,000.00);

(d)     To award him reasonable attorney's fees and costs of this action; and

(e)     To award him such other and further relief as this Court deems just and proper.

## FOURTEENTH CAUSE OF ACTION
### (As to Plaintiff Bigelow)
### Violation of the District of Columbia Human Rights Act - Race Discrimination

83.     Plaintiff hereby adopts and incorporates by reference as if fully set forth herein, each and every allegation contained in Paragraphs "1" through "82" hereinabove set forth.

84.     By the actions set out above, defendant has denied plaintiff the rights and privileges secured by the District of Columbia Human Rights Act, because of his race and created or caused to be created an abusive work environment.

85.     As a direct and proximate result of the illegal employment action by Defendant, Bigelow has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Bigelow has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

86.     Bigelow is informed and believes that the outrageous conduct of Defendant described above was done with malice and with conscious disregard for his federally protected rights. Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

(a)     To award him, under the District of Columbia Human Rights Act, all the back and front pay and fringe benefits he has lost as a result of defendant's unlawful discrimination against him;

(b)     To award him, under the District of Columbia Human Rights Act, compensatory damages in an amount to be determined at trial;

(c)     To award him, the District of Columbia Human Rights Act, punitive damages in the

amount of five million dollars ($5,000,000.00);

(d)    To award him reasonable attorney's fees and costs of this action; and

(e)    To award him such other and further relief as this Court deems just and proper.

## FIFTEENTH CAUSE OF ACTION
### (As to Plaintiff Bigelow)
### Violation of the District of Columbia Human Rights Act - Age Discrimination

87.    Plaintiff hereby adopts and incorporates by reference as if fully set forth herein, each and every allegation contained in Paragraphs "1" through "86" hereinabove set forth.

88.    By the actions set out above, defendant has denied plaintiff the rights and privileges secured by the District of Columbia Human Rights Act, because of his age and created or caused to be created an abusive work environment.

89.    As a direct and proximate result of the illegal employment action by Defendant, Bigelow has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Bigelow has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

90.    Bigelow is informed and believes that the outrageous conduct of Defendant described above was done with malice and with conscious disregard for his federally protected rights. Defendant, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

(a)    To award him, under the District of Columbia Human Rights Act, all the back and front pay and fringe benefits he has lost as a result of defendant's unlawful discrimination against him;

24

(b)    To award him, under the District of Columbia Human Rights Act, compensatory damages in an amount to be determined at trial;

(c)    To award him, the District of Columbia Human Rights Act, punitive damages in the amount of five million dollars ($5,000,000.00);

(d)    To award him reasonable attorney's fees and costs of this action; and

(e)    To award him such other and further relief as this Court deems just and proper.

## SIXTEENTH CAUSE OF ACTION
### (As to Plaintiff Bigelow)
### Wrongful Termination in Violation of Public Policy

91.    Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "90" as if originally pleaded herein.

92.    Defendant, through its agents or supervisors, unlawfully terminated Bigelow's employment solely as a consequence of and in retaliation for reporting financial wrong doings by defendant's agents.

93.    It is the public policy of the District of Columbia that individuals shall not be subject to retaliation in their employment based upon the fact that they have reported financial wrongdoing in the work-place.

94.    As a direct and proximate result of defendant's termination of Bigelow in violation of public policy, Bigelow has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Bigelow has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

95.    Bigelow is informed and believes that the outrageous conduct of defendant described above was done with malice and with conscious disregard for his state protected rights. Defendant,

through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

WHEREFORE plaintiff respectfully prays this Court:

(a)    To award him all the back and front pay and fringe benefits he has lost as a result of plaintiff's wrongful termination:

(b)    To award him compensatory damages in an amount to be determined at trial;

(c)    To award him punitive damages in the amount of five million dollars ($5,000,000.00);

(d)    To award him reasonable attorney's fees and costs of this action; and

(e)    To award him such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs respectfully request a jury trial on all issues.

Respectfully submitted,

Lisa Alexis Jones, Esq.
Lisa Alexis Jones, PLLC
Unified Bar Number 421002
1200 G Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 434-4507
(202) 434-8707 (Fax)
orbitcv@erols.com

*Counsel for Plaintiffs*

Dated: July 9, 2007

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

| I (a) PLAINTIFFS Cheryl Montgomery Gregory Bigelow | DEFENDANTS STG International, Inc. |
|---|---|
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Arlington, Va. (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE |

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Lisa Alexis Jones, PLLC    (202) 434-4507
1200 G St. NW #800
, Washington, DC. 20005

Case: 1:07-cv-01240
Assigned To : Roberts, Richard W.
Assign. Date : 7/10/2007
Description: Employ. Discrim.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

| ☐ A. *Antitrust* | ☐ B. *Personal Injury/ Malpractice* | ☐ C. *Administrative Agency Review* | ☐ D. *Temporary Restraining Order/Preliminary Injunction* |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane ☐ 315 Airplane Product Liability ☐ 320 Assault, Libel & Slander ☐ 330 Federal Employers Liability ☐ 340 Marine ☐ 345 Marine Product Liability ☐ 350 Motor Vehicle ☐ 355 Motor Vehicle Product Liability ☐ 360 Other Personal Injury ☐ 362 Medical Malpractice ☐ 365 Product Liability ☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act **Social Security:** ☐ 861 HIA ((1395ff) ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g) **Other Statutes** ☐ 891 Agricultural Acts ☐ 892 Economic Stabilization Act ☐ 893 Environmental Matters ☐ 894 Energy Allocation Act ☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment. *(If Antitrust, then A governs)* |

| ☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil* |
|---|

| **Real Property** ☐ 210 Land Condemnation ☐ 220 Foreclosure ☐ 230 Rent, Lease & Ejectment ☐ 240 Torts to Land ☐ 245 Tort Product Liability ☐ 290 All Other Real Property **Personal Property** ☐ 370 Other Fraud ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage ☐ 385 Property Damage Product Liability | **Bankruptcy** ☐ 422 Appeal 28 USC 158 ☐ 423 Withdrawal 28 USC 157 **Prisoner Petitions** ☐ 535 Death Penalty ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition **Property Rights** ☐ 820 Copyrights ☐ 830 Patent ☐ 840 Trademark **Federal Tax Suits** ☐ 870 Taxes (US plaintiff or defendant ☐ 871 IRS-Third Party 26 USC 7609 | **Forfeiture/Penalty** ☐ 610 Agriculture ☐ 620 Other Food &Drug ☐ 625 Drug Related Seizure of Property 21 USC 881 ☐ 630 Liquor Laws ☐ 640 RR & Truck ☐ 650 Airline Regs ☐ 660 Occupational Safety/Health ☐ 690 Other **Other Statutes** ☐ 400 State Reapportionment ☐ 430 Banks & Banking ☐ 450 Commerce/ICC Rates/etc. ☐ 460 Deportation | ☐ 470 Racketeer Influenced & Corrupt Organizations ☐ 480 Consumer Credit ☐ 490 Cable/Satellite TV ☐ 810 Selective Service ☐ 850 Securities/Commodities/ Exchange ☐ 875 Customer Challenge 12 USC 3410 ☐ 900 Appeal of fee determination under equal access to Justice ☐ 950 Constitutionality of State Statutes ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |

*1*

| ☐ **G. Habeas Corpus/ 2255** | ☒ **H. Employment Discrimination** | ☐ **I. FOIA/PRIVACY ACT** | ☐ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ **K. Labor/ERISA (non-employment)** | ☐ **L. Other Civil Rights (non-employment)** | ☐ **M. Contract** | ☐ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify)    ☐ Multi district Litigation    ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 U.SC § 1981 - Employment Discrimination And Retaliation Based on Race.

**VII. REQUESTED IN COMPLAINT**    CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23    **DEMAND $** $5,000,000.00    Check YES only if demanded in complaint **JURY DEMAND:** ☒ YES    ☐ NO

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    ☐ YES    ☒ NO    If yes, please complete related case form.

DATE  7/10/07    SIGNATURE OF ATTORNEY OF RECORD  [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.