IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHERYL MONTGOMERY, et al., : | |
| : | |
| Plaintiffs, : | |
| : | |
| v. : | Case No. 1:07-cv-01240 |
| : | Judge Roberts |
| STG INTERNATIONAL, INC., : | |
| : | |
| Defendant. : | |

**REPLY IN SUPPORT OF STG INTERNATIONAL'S MOTION TO
SEVER, TO TRANSFER AND FOR AN EXTENSION OF TIME TO
RESPOND TO PLAINTIFFS' COMPLAINTS**

Defendant STG International, Inc. ("STG"), by its undersigned attorneys, Paley, Rothman, Goldstein, Rosenberg, Eig and Cooper, Chartered, hereby files this reply in support of its Motion to Sever, to Transfer and for an Extension of Time to Respond to Plaintiffs' Complaints, and states as follows:

**INTRODUCTION**

Plaintiffs voice no substantive opposition to STG's contention that Plaintiff Bigelow's case belongs in Virginia. Plaintiffs concede through the silence in their Opposition that Bigelow's claims have no ties to the District of Columbia and should be heard in Virginia. In addition, review of the convenience factors necessitates a transfer of Montgomery's claims as well. All actions that she complains of took place in Virginia.

Plaintiffs attempt to support the joinder of their claims by relying on *Disparte v. Corp. Executive Board*, 223 F.R.D. 7 (D.D.C. 2004). However, *Disparte* requires the opposite

conclusion. They have not shown or even argued that the alleged discrimination or the actions giving rise to their wrongful discharge claim was part of the same transaction or occurrence required for joinder. They cannot make that showing because Plaintiffs only alleged individualized discrete acts against them that occurred in different departments, at different times and at the hands of entirely different individuals. They also concede by the silence in their Opposition that their age claims are not properly joined. In fact, they make no allegations to support their age discrimination claims at all. Plaintiffs' claims, therefore, do not belong together or in the District of Columbia.

## ARGUMENT

### I.  Defendant has Met its Burden in Showing Why Transfer Should be Granted.

<u>Choice of Forum.</u>  Both Bigelow and Montgomery are residents of Virginia. In this action, the importance placed on plaintiffs' choice of forum is diminished because it is not the plaintiffs' home forum and the relevant events took place elsewhere. *See Nat'l R.R. Passenger Corp. v. R & R Visual, Inc.,* Civ. Action No. 05-822 (GK), slip op., 2007 WL 2071652, at *6 (D.D.C. July 19, 2007); *Norwood v. Kirkpatrick*, 349 U.S. 29, 32, 75 S. Ct. 544, 99 L. Ed. 789 (1955); *Verosol B.V. v. Hunter Douglas, Inc.*, 806 F.Supp. 582, 592 (E.D. Va. 1992). Plaintiffs' residences in Virginia strongly support Defendant's transfer request. In addition, the events underlying the plaintiffs' claims took place in Virginia and Virginia is where the documents, witnesses, and corporate offices are located. *Shapiro, Lifshschitz & Schram, P.C., v. Hazard*, 24 F.Supp.2d 66, 72 (D.D.C.1998).

<u>Location where claims arose</u>.  Bigelow at all times worked for STG in Alexandria, Virginia. All decisions about his employment were made in Virginia. Bigelow oversaw the

billing and contract administration functions for more than 100 contracts and/or task orders. All his job duties were performed in Virginia. Bigelow alleged no acts in the District of Columbia.[1] Therefore, his claim arose in Virginia and should be transferred there.

Plaintiff Montgomery had workspace at a client site in the District of Columbia.[2] She also had workspace in Virginia, worked out of her home in Virginia and by her own admission in the Opposition, traveled to Alexandria at least once per week to participate in meetings. *See* Plaintiffs' Opposition at p.2. Her supervisors were located in Virginia and all decisions about her employment were made and communicated to her in Virginia. Thus, any alleged improper treatment taken against Montgomery was done in Virginia. None of the discriminatory or improper acts giving rise to her causes of action occurred in the District of Columbia. Thus, Montgomery's claims arose in Virginia and should be transferred there.

Convenience of the parties and witnesses. Both plaintiffs are residents of Virginia. STG headquarters is in Virginia. The STG officers and managers with relevant information who would testify during a trial work at the STG headquarters in Alexandria, Virginia. Thus, the majority of witnesses, including Plaintiffs travel to Alexandria everyday so it would be no inconvenience for them to travel to the Court located in the same city.[3] Contrary to Plaintiffs' concern, courts have made clear that the location or convenience of counsel are not factors to be considered in the transfer analysis. *See Onyeneho v. Allstate Ins. Co.*, 466 F.Supp.2d 1 (D.D.C.

---

[1] The fact that he did accounting work on contracts with federal agencies headquartered in the District of Columbia is irrelevant. STG's work on these contracts occurred all over the country. His accounting work was done in Virginia. *See* Affidavit of Ellen Duncan, attached to Defendant's Motion at ¶ 15.

[2] Defendant does not dispute that Montgomery worked at a client site in the District of Columbia, the locus of her unemployment claim. This does not change the fact that she regularly went to the Virginia office and was at all times supervised from Virginia where all personnel decisions about her were made.

[3] Courts in the District of Columbia frequently transfer cases to both Maryland and Virginia, regardless of how minimal the distance is between them. In this Court's decision in *Schmidt v. Am. Inst. of Physics*, 322 F. Supp.2d 28, 31-32, (D.D.C.2004), this Court transferred a case to Maryland after balancing the very factors which exist in this

2006) (The location of counsel carries little, if any, weight in an analysis on a motion to transfer.); *Spiegelberg v. Collegiate Licensing Co.*, 402 F.Supp.2d 786 (S.D.Tex.2005) (Court does not consider the location of counsel a relevant factor in deciding a motion to transfer venue for the convenience of parties and witnesses, in the interest of justice.); *Henderson v. American Airlines*, 91 F.Supp. 191 (S.D.N.Y.1950) (That counsel of plaintiffs would be inconvenienced if action was transferred from the Southern District of New York to the Eastern District of Kentucky was immaterial since §1404(a) makes no provisions for the convenience of counsel).

Ease of access. All documents and other records held by STG, relating to the plaintiffs' claims, including personnel records, e-mail etc., are located in Virginia at STG headquarters. *See In re Warrick,* 70 F.3d 736, 741 (2d Cir.1991) (location of physical evidence a factor to consider). In addition, all documents that Plaintiffs may have to support their claims would most likely be located at their respective homes in Virginia.

Familiarity with the governing laws and local interest in deciding controversies at home.

Bigelow has no claims under the D.C. Human Rights Act and the District of Columbia's common law because he was not employed there. Thus, the District of Columbia has no interest in deciding his state claims. Montgomery's claims may be covered by Virginia law as well. Plaintiffs' offer letters state that their employment relationships with STG are to be governed by the law of Virginia. *Armco Steel Co. v. CSX Corp.*, 790 F.Supp. 311, 324 (D.D.C.1991). This factor weighs in favor of transferring this action to Virginia. *See Dicken v. United States*, 862 F. Supp. 91, 94-95 (D. Md. 1994).

Relative Congestion. The docket moves much more quickly in Virginia therefore, resulting in a faster resolution of the dispute for both Plaintiff and Defendant. Plaintiffs should

---

case and, after balancing the private and public factors, should do so here.

4

be in favor of having their claims resolved quickly, thus, preventing drawn out litigation, and increased legal fees. Plaintiffs' Opposition claims that faster is not always fairer with no support for that bald assertion and, as argued above, inconvenience to counsel is irrelevant.

In short, the public and private factors strongly support transfer to the United States District Court for the Eastern District of Virginia.

### II.  Plaintiffs' Claims Are Misjoined Under Fed. R. Civ. P. 20(a) and in any event Should Be Severed Pursuant to Fed. R. Civ. P. 21 because Plaintiffs Had Different Jobs, in Different Departments, under Different Supervisors

Cases are properly joined "if they (1) 'aris[e] out of the same transaction or occurrence, or series of transactions or occurrences *and* (2) if any question of law or fact common to all [the plaintiffs] will arise in the action.' " *Disparte v. Corporate Executive Bd.*, 223 F.R.D. 7, 10 (D.D.C. 2004) (*citing* Fed.R.Civ.P. 20(a)) (emphasis added).

Plaintiffs must meet both parts of the test in order for their claims to remain joined. Plaintiffs fail to satisfy the first prong; therefore, the Court's inquiry can end there. *M.K. v. Tenet*, 216 F.R.D. 133, 138 (D.D.C. 2002) (ascertaining whether a particular factual situation constitutes a single transaction or occurrence for purposes of Rule 20, uses a case by case approach). A Plaintiff cannot satisfy the first prong just because the claims rest upon the same general theory of law. *Bailey v. Northern Trust Co.*, 196 F.R.D. 513, 517 (N.D. Ill. 2000). Courts sever employment discrimination claims for not being logically related when the alleged discrimination occurs at the hands of different supervisors, at different times, and for different reasons because they are "discrete and individualized circumstances." *Id*. at 517; *Dougherty v. Mieczkowski*, 661 F. Supp. 267 (D. Del. 1987)(finding it unclear whether securities fraud claims arose out of the same transaction or occurrence when no commonality among transactions and

5

each plaintiff required different proof of statements made and investment positions taken). Plaintiffs do not even attempt to argue that their age discrimination claims arise from the same transaction. Indeed, plaintiffs fail to prove or even argue that their race discrimination claims arise out of the same transaction or occurrence and, thus, wholly fail the first required prong of the test.

Plaintiffs have also failed to allege or argue in their Opposition that their state law claims for wrongful discharge arise out of the same transaction or occurrence.[4] Their sparse allegation that they each presented concerns about improper financial practices to STG management does not make a common transaction. They have not alleged that they complained at the same time or to the same person. They have not alleged that one even knew about the other's complaint. They have alleged no joint action on the part of STG after the alleged complaint. *Dougherty,* 661 F. Supp. at 279-80 (the details of the only unifying aspect of these plaintiffs' claims, unauthorized transactions, show that there is not a great degree of commonality among the transactions).

Because Plaintiffs fail the first prong, the court is not required to look to the second but, in any event, the second prong of the Rule 20 is also unmet. "Whether a defendant unlawfully discriminated against one plaintiff with respect to promotion or job assignment in a given department <u>is not common</u> with the question of whether defendant unlawfully discriminated against another plaintiff in a separate department. The second act constitutes separate, albeit similar, conduct." *Smith v. North Am. Rockwell Corp. Tulsa Div.*, 50 F.R.D. 515, 522-23 (N.D. Okla. 1970) [emphasis added] (despite common allegations of missed promotions for discriminatory reasons, claims severed because "denials of promotion would have been made by

---

[4] It is questionable whether this court could exercise supplemental jurisdiction over Plaintiffs wrongful discharge claims because those claims are dissimilar to the discrimination claims and are not so related to the claims in the

different supervisory personnel in different work environments, with respect to employees performing different types of work.").

Plaintiffs try to find common facts to save their improperly joined race discrimination claims by proffering that CEO Michelle Lee was the deciding official for both terminations[5] and making generalized and wholly nonspecific allegations of a hostile environment for African Americans, relying on *Disparate*. However, Plaintiffs misread *Disparte* and in fact, *Disparte* requires the opposite conclusion.

In *Disparte*, the court severed the discrimination claims of one plaintiff from the claims of the other two because the single plaintiff worked in an entirely different department with different managers. That is the situation here. Plaintiffs, however, seek to liken their situation to the two plaintiffs that the *Disparte* Court allowed to remain together. The *Disparte* court reached that conclusion because two plaintiffs worked in the same department and had particularized allegations of discriminatory treatment and racial remarks made by managers in that very department. That is not the case here. Plaintiffs have proffered a single comment allegedly made by Lee about the accounting department, which certainly has no bearing on Montgomery's claims and a non-specific allegation about an atmosphere of hostility. Plaintiffs failed to make "some causal link between a common and identifiable act on the part of the defendant and the adverse action taken with respect to each plaintiff" necessary to satisfy Rule 20. *Grayson v. K-Mart Corp.*, 849 F. Supp. 785, 788 (N.D. Ga.) (finding a failure to establish common question of law or

---

action with such jurisdiction that they form part of the same case or controversy. 28 U.S.C. §1367(a).

[5] Plaintiffs cannot have it both ways. In the facts of their Opposition they recite that STG is a corporation with over 1000 employees throughout the United States, yet, when it serves their purpose, they allege (without any support) that Plaintiffs worked in a small atmosphere where the CEO was intimately involved in all employment actions. STG's affidavit identified the specific decision makers. *See* Affidavit of Ellen Duncan, attached to Defendant's Motion at ¶¶ 12, 16. In a company the size of STG, it cannot be assumed that the CEO would be a decision maker or even be aware of every employment termination that occurs among its 1000 employees.

fact for joinder of age discrimination claims). If Plaintiffs' sparse allegations were sufficient, then all claims by separate individuals, involving different departments, different terminations, different performance problems and different supervisors would be properly joined.

Under the holding in *Disparte*, this Court must sever these Plaintiffs' claims because they worked in different departments, had different supervisors, and were terminated under separate circumstances; therefore, their claims do not arise out of the same transaction or occurrence, or series of transactions or occurrences and do not have common facts as required by the rule for joinder. Consequently, their claims must be severed.

    A**.**    **Defendant is Likely to Experience Severe Prejudice and Different Elements of Proof are required for Plaintiffs' Claims if Plaintiffs' Claims are not Severed**

Pursuant to Rule 21 of the Federal Rules of Civil Procedure, the Court should consider the prejudice that will undoubtedly be suffered by STG if these cases remain improperly together. *Leesona Corp. v. Cotwoll Mfg. Corp.*, 204 F. Supp. 139, 141 (W.D.S.C. 1962) *aff'd*, 315 F.2d 538 (4th Cir. 1963) ( even where venue is proper but the forum is inconvenient to some or all claims, the court might properly sever and transfer the claim to the more convenient forum).

Not only will there be prejudice but different elements of proof, including witness and documents, will be required for the separate claims. When there are "different supervisors and job functions among plaintiffs," defendants are likely to experience prejudice because there "is a significant likelihood that a single jury would be confused by the different items of evidence and the different witnesses' testimony." *Disparte* at 15. The prejudicial effects of other witnesses' alleged discriminatory experiences may outweigh their probative value where their different departments and different managers. *See Annis v. County of Westchester*, 136 F.3d 239, 246-47

(2d Cir.1998); *Williams v. The Nashville Network*, 132 F.3d 1123, 1130 (6th Cir.1997); *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1221 (5th Cir.1995).  This is exactly the situation in the present case.

Because the claims of discrimination alleged by Montgomery and Bigelow occurred in different departments, during different time periods, and at the hands of different individuals, STG would likely encounter prejudice if Plaintiffs' claims remain together because there is a likelihood that the jury would be confused by the different items of evidence and the different witnesses' testimony presented for each Plaintiff.  Both parties will be required to present different witnesses and different documentary evidence to make or defeat Plaintiffs' claims.  Since there were no overlapping managers, departments, duties or time periods, both cases will have to be proved separately.  It would require the court to have two (2) mini-trials within one action.  Thus, these claims should not remain together as each would likely need to have its own separate trial.

Each of Plaintiffs' claims alleged individualized discrete acts that occurred in different departments at different times and at the hands of entirely different individuals.  Thus, leaving Plaintiffs' claims together would cause STG prejudice and therefore, must be severed.

## Conclusion

For the reasons set forth above, Defendant, STG respectfully requests that this Court (1) sever Plaintiffs' lawsuits into separate actions; (2) dismiss or transfer Plaintiff Bigelow's case to the United States District Court for the Eastern District of Virginia; (3) dismiss or transfer Plaintiff Montgomery's case to the United States District Court for the Eastern District of Virginia; and (4) extend the time for STG to file an answer to Plaintiffs' Complaints pending

resolution of the foregoing issues and the filing of separate Amended Complaints by Plaintiffs.

                     PALEY, ROTHMAN, GOLDSTEIN,
                     ROSENBERG, EIG & COOPER, CHARTERED

By: _____/s/_____
   Hope B. Eastman, Bar No. 55517
   James R. Hammerschmidt, Bar No. 448128
   4800 Hampden Lane, 7th Floor
   Bethesda, Maryland 20814
   (301) 656-7603
   Attorneys for Defendants

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 1st day of October, 2007, a copy of the foregoing Reply to Plaintiffs' Opposition to Defendant's Motion to Sever, For a Change of Venue and for an Extension of Time to Respond to Plaintiffs' Complaints was transmitted electronically pursuant to the system of the United States District Court for the District of Columbia and that the same will be available to Plaintiffs' counsel.

                     _____/s/_____
                     Hope B. Eastman